UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
KYLE BRAGG, AS TRUSTEE, AND THE TRUSTEES OF THE
BUILDING SERVICE 32BJ HEALTH FUND AND
MASSACHUSETTS SERVICE EMPLOYEES PENSION FUND,
BUILDING SERVICE 32BJ HEALTH FUND,                          20-cv-8131
MASSACHUSETTS SERVICE EMPLOYEES PENSION FUND,

                                        Plaintiffs,

                                                            **DEFAULT JUDGMENT**

            **v.**

HI-RISE, INC.,
HI-RISE BUILDING SERVICES, INC.,
LIMITLESS WINDOW CLEANING CORP.,
ROBERT MORONEY,
                                        Defendants.
-------------------------------------------------X

On application for Default Judgment by Plaintiffs Kyle Bragg, as Trustee, and the Trustees of the
Building Service 32BJ Health Fund and Massachusetts Service Employees Pension Fund,
brought on by Notice of Motion dated April 22, 2022 and returnable before the Honorable Paul
A. Crotty, United States District Judge, and Defendants Hi-Rise, Inc., Hi-Rise Building Services,
Inc., Limitless Window Cleaning Corp., and Robert Moroney ("Defendants") having been duly
noticed of the proceeding and having not appeared in opposition to the Motion, and the Court
having found default judgment to be appropriate:

        **IT IS HEREBY ADJUDGED** that Plaintiffs Kyle Bragg, as Trustee, and the Trustees of
the Building Service 32BJ Health Fund and Massachusetts Service Employees Pension Fund,
Building Service 32BJ Health Fund, and Massachusetts Service Employees Pension Fund,
having their principal place of business at 25 West 18th Street, New York, New York 10011, do
recover of Defendants Hi-Rise, Inc., located at 1222 Bennington St., East Boston, MA 02128,
Hi-Rise Building Services, Inc., located at 1222 Bennington St., East Boston, MA 02128,
Limitless Window Cleaning Corp., located at 55 Lewis St., Apt. 511, East Boston, MA 02128,
and Robert Moroney, located at 1222 Bennington St., East Boston, MA 02128 jointly and
severally:

(1)      for the time period January 1, 2017 through the date of this Judgment, true, correct and
complete copies of Hi-Rise, Inc., Hi-Rise Building Services, Inc., and Limitless Window
Cleaning Corp.'s, individual earnings records (payroll history records); weekly payroll journals;
timesheets; quarterly federal and state payroll tax returns; W-2s; an employee roster (listing job
description, hire, leave and termination date); and, general ledger/cash disbursements journal,
plus whatever additional documents are necessary or desirable to conduct the payroll compliance
audit, and once the audit documents are provided, prompt payment of the audit findings
principal, interest, and liquidated damages;

(2)     principal in the amount of $2,973.00, interest of $1,119.09, liquidated damages of
$577.00,[1] audit costs of $3,238.25, attorney's fees of $3,150.00 and costs of $402.00, for a
grand total of **$11,459.34**, and that Plaintiffs have judgment therefor.


Dated: 5/24/2022                                    By: _Paul A. Crotty_____

                                                    Paul A. Crotty, U.S.D.J.

---

[1] Plaintiffs' requested $991.09 in liquidated damages is not sufficiently supported by the record;
instead, it is calculated based on the "estimated" (*see* Bloom Aff., ¶ 1, ECF No. 63.) and otherwise
unsubstantiated principal sought in the Second Amended Complaint (*see* Compl. ¶ 15, ECF
No. 28).  The Court thus instead awards liquidated damages in the amount supported by Plaintiffs'
documentary submissions.  (*See* Ex. M at ¶ 8, ECF No. 63-13.)