UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KYLE BRAGG, AS TRUSTEE, AND THE
TRUSTEES OF THE BUILDING SERVICE
32BJ HEALTH FUND AND
MASSACHUSETTS SERVICE
EMPLOYEES PENSION FUND,
BUILDING SERVICE 32BJ
HEALTH FUND,
MASSACHUSETTS SERVICE
EMPLOYEES PENSION FUND

              *Plaintiffs*,

    *-against-*

HI-RISE BUILDING SERVICES, INC.,
HI-RISE, INC.,
LIMITLESS WINDOW CLEANING CORP.,
AND ROBERT MORONEY,

             *Defendants*.
------------------------------------------------------------X

No. 20-CV-8131 (PAC)

**ORDER REGARDING EXECUTION OF DEFAULT JUDGMENT**

    Following today's telephone conference with the parties, it is hereby **ORDERED**:

    1.    The Plaintiffs may serve a demand on Defendant Robert Moroney for production of bank records pertaining to two of his purportedly defunct businesses: Defendants Hi-Rise, Inc. and Hi-Rise Building Services, Inc. Plaintiffs may seek such bank records under the broad scope of the Default Judgment issued in this case.[1] The bank records would clearly constitute "whatever additional documents are necessary or desirable to conduct the payroll compliance audit." Default Judgment, ECF No. 66 at 1; *see also EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("[B]road post-judgment discovery in aid of execution is the norm in federal and New York

---

[1] Given this conclusion, it is not necessary for the Plaintiffs to move to modify the Default Judgment before seeking these bank records.

1

state courts."). Those bank records are especially "desirable" because Mr. Moroney represents that he did not maintain general ledger/cash disbursements journals which would otherwise reflect the accounts receivable and payable for the two Hi-Rise companies.

2. Similarly, the Plaintiffs may serve interrogatories on Defendant Robert Moroney about his management of the final Defendant, Limitless Window Cleaning Corp. Even if Mr. Moroney lacks documentation pertaining to Limitless Window Cleaning Corp., he can answer, under oath, questions about the business that will help the Plaintiffs to "conduct the payroll compliance audit" that the Default Judgment contemplates.

3. The Plaintiffs' motion to seek post-judgment discovery from attorney Evan Richards, who has withdrawn as counsel, is denied without prejudice. The Plaintiffs have already filed affidavits of service on all Defendants (including service of the Default Judgment itself) at multiple addresses. The Plaintiffs may use those addresses to seek information from the Defendants directly.[2]

4. A status conference will be held on September 8, 2022, at 3:15pm to ensure compliance with this Order.

Dated: New York, New York
       July 26, 2022

SO ORDERED

*[signature]*

HONORABLE PAUL A. CROTTY
United States District Judge

---

[2] The Court relieved Mr. Richards as defense counsel because he told the Court he had been fired from his role as counsel for the two Hi-Rise companies. *See* ECF Nos. 24, 26, 50. Given that he is no longer counsel of record, Mr. Richards should refrain from communicating in this litigation on behalf of *any* of the Defendants, including Mr. Moroney—who he now claims to represent in an individual capacity, but not in this case. Otherwise, the Court will consider using its inherent authority to control the litigation, including by, for example, rescinding the withdrawal order or issuing sanctions.